■ In the Matter of SOCONY MOBIL OIL COMPANY, INC., Respondent, against WILLIAM E. BOYLAND et al., Constituting the Tax Commission of the City of New York, Appellants.

*Per Curiam.* The Tax Commission appeals from two final orders entered March 28, 1957 reducing the real estate tax assessments on 27 gasoline and service station properties located in the Borough of Manhattan, all controlled by the petitioner. Thirteen properties are located north and fourteen are south of 59th Street.

We hold the weight of the credible evidence as to sales, rents paid by the petitioner-respondent and actual earnings fully support the assessments in the main and that the proof adduced by the petitioner-respondent with reference to all the properties, except those hereinafter treated, is insufficient to substantiate any change in most of the assessments. Accordingly, we reinstate the assessments except as dealt with hereafter.

With reference to the property located at 4116-18 Broadway (Block 2143-Lot 25), consisting of a one-story service station on a triangular shaped plot bounded by Broadway, 173rd Street, and Wadsworth Avenue, zoned for business use, we hold that the findings of Special Term are justified by the record and we affirm the same.

With reference to the property located at 538-42 Canal Street (Block 595, Lot 10), consisting of a one-story service station located on a corner plot at the intersection of West and Canal Streets, an unrestricted zone, we hold that the findings of Special Term relative to the values for 1950-1951, 1951-1952 and 1952-1953 are justified by the record and we affirm the same. We hold that the land valuations found by Special Term for the tax years 1953-1954, 1954-1955 and 1955-1956 are not justified by the record and we find the land value for each of said years to be $85,000.

The property located at 781-785 Tenth Avenue (Block 1081, New Lot 33) at the corner of Tenth Avenue and 53rd Street was improved with a gas station erected during 1928. The parcel was enlarged in 1951 to include the adjacent plot, Old Lot 33, also in an unrestricted zone, thereby increasing the Tenth Avenue frontage, and a new service station was erected. We hold that the record does not justify the land valuations found by Special Term for the years 1952-1953 and 1955-1956 and we find the value thereof to be $65,000 for each of said years.

On the trial it was respondents-appellants' position that once permits for use as gas stations were obtained the original values of the properties were enhanced, thus tendering the issue of additional value for nonconforming use. We recognize the importance of this issue but do not find it necessary however in arriving at our decision on the facts of this case to pass on it.

The orders should be modified on the facts in accordance herewith, and otherwise affirmed, with costs to respondents-appellants.

Botein, P. J., Breitel, M. M. Frank, McNally and Stevens, JJ., concur.

Orders unanimously modified on the facts as indicated in the opinion *Per Curiam* filed herein, and, as so modified, affirmed, with costs to respondents-appellants. Settle orders on notice.